UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO NOVA,

                    Plaintiff,

-against-

DANIEL F. MARTUSCELLO, ET AL.,

                    Defendants.

24-CV-1574 (KMK)
ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff Julio Nova, currently incarcerated in Upstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that in 2023, he was subjected to excessive force and retaliated against while incarcerated at Green Haven Correctional Facility. Plaintiff sues: (1) Daniel F. Martuscello, Acting Commissioner; (2) Corrections Captain Michael Blot; (3) Therrien, Corrections Sergeant; (4) Superintendent Rabideau; and (5) John Does 1-4, members of the Correctional Emergency Response ("CERT") Team. By order dated April 11, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] (*See* Dkt. No. 9.)

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed.*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

*Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

A.    **Defendant Rabideau**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

In addition, under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).  A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").  Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

The complaint contains few facts regarding Superintendent Rabideau's involvement in the events giving rise to this Complaint.  Plaintiff simply alleges that Rabideau presided over his disciplinary proceedings and that he discriminated against him. (Dkt. No. 1 at 8, 36.)  These factual allegations are insufficient to show that Rabideau was personally involved in violating

Plaintiff's constitutional rights.  It is not clear if Plaintiff is alleging that Rabideau violated his rights during the disciplinary hearing, and he provides no facts showing the manner in which Rabideau discriminated against him.  Accordingly, the Court dismisses Plaintiff's claims against Rabideau for failure to state a claim, but grants Plaintiff leave to file an amended complaint, should he wish to do so, to provide facts stating a valid Section 1983 claim against Rabideau.

**B.	Defendants Martuscello, Blot, and Therrien**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Martuscello, Blot, and Therrien through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.	**Defendants John Doe CERT Team Members**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the Complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General's Office to identify the CERT Team members who allegedly entered Plaintiff's cell at Green Haven on October 23, 2023.  It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.  The New York State Attorney General's Office must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants.  The amended complaint will replace, not supplement, the original Complaint.  An amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

D.	**Automatic Discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the Complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

Plaintiff's claims against Superintendent Rabideau are dismissed with leave to replead. 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, the Clerk of Court is instructed to: (1) issue summonses for Martuscello, Blot, and Therrien, complete the USM-285 forms with the addresses for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service; (2) mail a copy of this order and the complaint to the New York State Attorney General's Office, 28 Liberty Street, New York, New York 10005; and (3) mail an information package to Plaintiff. Finally, Local Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     April 19, 2024
            White Plains, New York

                                                      KENNETH M. KARAS
                                                      United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Daniel F. Martuscello, Acting Commissioner
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue
   Albany, New York 12226

2. Michael Blot, Corrections Captain
   Green Haven Correctional Facility
   P.O. Box 4000
   Stormville, New York 12582

3. Therrien, Corrections Sergeant
   Great Meadow Correctional Facility
   P.O. Box 51
   Comstock, New York 12821