UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Julio NOVA,

                      Plaintiff,

v.                                      No. 24-CV-1574 (KMK)
                                                            ORDER

Daniel F. MARTUSCELLO, *et al.*

                      Defendants.

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Julio Nova ("Plaintiff") brings this Action pursuant to 42 U.S.C. § 1983 against Defendants Daniel F. Martuscello, Robert Mitchell, Michael Blot, D. Rabideau, M. Macura, Ricky Therrien, Kyle J. Brooks, Christian Alemany, Eduardo Esquere (collectively, "Defendants"). (*See* Am. Compl. (Dkt. No. 23).)

      Plaintiff submitted an application requesting the appointment of pro bono counsel, albeit not in the form of a formal motion. (*See* Dkt. No. 46.) The Court will interpret this document as Plaintiff's Motion. For the following reasons, Plaintiff's request is denied without prejudice.

      Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* at 203 (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010)

("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as the plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Here, Plaintiff provides no evidence that he attempted to obtain counsel. (*See generally* Dkt. No. 46.) In order meet the requirements of § 1915(e)(1), Plaintiff must allege that he "is *unable* to retain counsel," and that he has "exhausted [his] search." *Rosa v. Pathstone Corp.*, No. 23-CV-1071, 2023 WL 8778236, at *2 (S.D.N.Y. Dec. 19, 2023). Plaintiff does not describe whether he spoke to any attorneys, and, if he attempted to do so, the nature of the challenges he encountered in obtaining counsel. (*See generally* Dkt. No. 46.) Therefore, at this stage, Plaintiff's Motion is denied because he "has not demonstrated that [he] is unable to retain counsel." *Rosa*, 2023 WL 8778236, at *2 (citing *Aguiree v. Rising Ground*, No. 23-CV-3986, 2023 WL 4187385, at *2 (S.D.N.Y. June 26, 2023)).

Setting aside Plaintiff's failure to demonstrate that he is unable to retain counsel—and even assuming the Plaintiff's remaining allegations have "some likelihood of merit" as required under *Hodge*—the Court finds that Plaintiff has not demonstrated why counsel should be appointed to represent him in light of the second inquiry under *Hodge* concerning prudential factors. *See Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *1–2 (S.D.N.Y. Mar. 19, 2024)) (assuming that the plaintiff's claim had "some likelihood of merit" for the purposes of *Hodge* analysis and proceeding to analyze prudential concerns); *Shelby v. Petreucci*, No. 23-CV-4315, 2023 WL 6623180, at *1–2 (S.D.N.Y. Oct. 11, 2023) (same).

Plaintiff's claims are largely based on a retelling of events that happened in his presence, and therefore do not "appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *see also Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *2 (S.D.N.Y. Mar. 27, 2024) (declining to appoint counsel where the plaintiff had not demonstrated that the appointment of counsel would be necessary to investigate any relevant factual allegations); *Gibson v. Mount Vernon Montefiore*

*Hosp. Exec. Dir.*, No. 22-CV-4213, 2022 WL 17325612, at *3 (S.D.N.Y. Nov. 29, 2022) ("[The plaintiff] has not indicated what additional facts could be gathered and investigated only through the aid of counsel which might be crucial to Plaintiff's ability to substantiate his claims." (alterations adopted) (internal quotations and citations omitted)).

Further, Plaintiff has not alleged that his claims are "so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Gibson,* 2022 WL 17325612, at *3 (rejecting application for appointment of counsel where the plaintiff alleged violation of his rights under 42 U.S.C. § 1983); *Smolen v. Brown*, No. 18-CV-7621, 2022 WL 4134366, at *2 (S.D.N.Y. Sept. 12, 2022) (same); *Dumel v. Westchester Cnty.*, No. 19-CV-2161, 2022 WL 1443355, at *2 (S.D.N.Y. May 6, 2022) (same). Indeed, Plaintiff has thus far been able to coherently represent himself and his claims to the Court, which cuts against his request. *See Phillips v. White Plains Hosp.,* No. 23-CV-11326, 2024 WL 2979374, at *3 (S.D.N.Y. June 12, 2024) ("Plaintiffs have demonstrated their ability to present the case themselves through their submissions in this instant Action that adequately express their arguments and desired relief."); *Culbreth*, 2024 WL 1178850, at *3 (same); *Akinlawon v. Polonco*, No. 21-CV-2621, 2023 WL 8772672, at *3 (S.D.N.Y. Dec. 19, 2023) (same).

Finally, Plaintiff has failed to allege that there are any special circumstances which require counsel to be appointed. *Compare Artis*, 2024 WL 1307223, at *3 (rejecting application for appointment of counsel because "[p]laintiff has not presented any other, special circumstances that warrant the appointment of counsel"), *and Jessamy v. Lamanna*, No. 21-CV-9242, 2023 WL 3386154, at *2 (S.D.N.Y. May 11, 2023) (same), *and Ross v. Brown*, No. 09-CV-5737, 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010) (same), *with Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *1, 3 (S.D.N.Y. May 8, 2020) (finding that

4

plaintiff had demonstrated special circumstances where physical disability, depression, and post-traumatic stress disorder prevented Plaintiff from adequately litigating the case), *and Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270, at *3 (S.D.N.Y. Sept. 28, 2012) (citing "language difficulties or mental health problems" as examples of "special circumstances" meriting appointment of counsel).

For the reasons stated above, Plaintiff's request is denied without prejudice. Plaintiff may renew this request and provide the Court with additional information regarding his circumstances if they materially change. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: June 27, 2025
        White Plains, New York

                                              KENNETH M. KARAS
                                              United States District Judge