UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO NOVA,

                *Plaintiff*,

v.

DANIEL F. MARTUSCELLI, *et al.*

                *Defendants*.

No. 24-CV-1574 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

    Plaintiff Julio Nova, who is currently incarcerated in the Clinton Correctional Facility ("Clinton"), a New York State Department of Corrections and Community Supervision ("DOCCS") prison, brings this action pro se under 42 U.S.C. § 1983. He sues a number of Defendants, including—as relevant here—Kyle J. Brooks, Christian Alemany, Michael Macura, and Eduardo Esquere. By order dated April 4, 2024, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.

    On April 22, 2025, Plaintiff filed a letter with the Court requesting sanctions be issued against Defendants' counsel pursuant to Federal Rule of Civil Procedure 11 for statements Defendants' counsel made in connection with Plaintiff's request for extension of time to serve. (*See* Dkt. No. 42.) On May 13, 2025, the Court denied the Motion for Sanctions. (*See* Dkt. No. 45.) However, in light of Plaintiff's representations in the April 22, 2025 letter, the Court construes Plaintiff's Motion for Sanctions as a Motion for Extension of Time to serve the unserved Defendants. While the Motion for Sanctions remains denied, the Court grants Plaintiff's Motion to Serve.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the identified defendants (Kyle J. Brooks, Christian Alemany, Michael Macura, and Eduardo Esquere) through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of those Defendants. The Clerk of Court is further instructed to issue a summons for each of those Defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the Amended Complaint (Dkt. No. 23) on each of those Defendants. The Court further directs the Clerk of Court to mail a copy of this Order and a copy of the Amended Complaint (Dkt. No. 23) to Plaintiff.

If a summons and the Amended Complaint are not served on each of those defendants within 90 days after the date that the summonses for those Defendants are issued, Plaintiff should request an extension of time for service. See *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the Plaintiff's responsibility to request an extension of time for service).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve the identified defendants until 90 days after the date that any summonses for those Defendants issue.

SO ORDERED.

Dated: August 13, 2025
        White Plains, New York

_____
KENNETH M. KARAS
United States District Judge