UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO NOVA,

Plaintiff,

v.

DANIEL F. MARTUSCELLO, *et al.*,

Defendants.

No. 24-CV-1574 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Pro se Plaintiff Julio Nova ("Plaintiff") brings this Action pursuant to 42 U.S.C. § 1983 against Defendants Daniel F. Martuscello, Robert Mitchell, Michael Blot, D. Rabideau, M. Macura, Ricky Therrien, Kyle J. Brooks, Christian Alemany, and Eduardo Esquere (collectively, "Defendants"). (*See* Am. Compl. (Dkt. No 23).)

In a Motion filed on June 5, 2026, Plaintiff requested that the Court appoint pro bono counsel on his behalf. (*See* Mot. for the Appointment of Counsel ("Pl.'s Mot.") (Dkt. No. 68).) Plaintiff also filed a declaration to support his request. (*See* Decl. in Supp. of Mot. for Assignment of Counsel ("Pl.'s Decl.") (Dkt. No. 67).) For the following reasons, Plaintiff's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003). First, the Court

"should . . . determine whether the indigent's position seems likely to be of substance." *Id.* at 203 (quoting *Hodge*, 802 F.2d at 61–62); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (citation modified)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quoting *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961)). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010). If the threshold requirement is met, the Court should proceed to consider other prudential factors such as the plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

Additionally, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (citation modified)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant

fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .”).

Plaintiff previously submitted an application requesting the appointment of pro bono counsel, albeit not in the form of a formal motion, on April 11, 2025. (*See* Dkt. No. 46.) The Court interpreted that document as Plaintiff’s Motion and denied it without prejudice because “Plaintiff provide[d] no evidence that he attempted to obtain counsel.” (*See* Order 3 (Dkt. No. 49).) The Court also found that, even assuming Plaintiff’s allegations have “some likelihood of merit,” Plaintiff failed to demonstrate why counsel should be appointed under the *Hodge* prudential factors. (*Id.* (quoting *Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *1-2 (S.D.N.Y. Mar. 19, 2024).)

Plaintiff represents that he has since tried to obtain counsel. In his Motion, Plaintiff stated that he “has reach[ed]-out to several attorneys for their representation to no avail. (Pl.’s Mot. 1.) In his Declaration, Plaintiff likewise states that he “has reach[ed]-out to several attorneys who have [declined] to represent him.” (Pl’s Decl. 2.) Plaintiff also included as an exhibit to his Declaration correspondence from an attorney stating that their firm “[is] not in a position to help [Plaintiff] at this time.” (*Id.* at 3.) While the Court appreciates this effort to obtain counsel, this factor alone does not outweigh the additional *Hodge* factors discussed below. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he “ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies”); *see also Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013) (finding that the plaintiff's “search was certainly not an exhaustive one”).

Indeed, while continuing to assume Plaintiff's claim has some likelihood of merit (*see* Order 3 (Dkt. No. 49)), the Court finds the prudential factors under *Hodge* continue to weigh against Plaintiff at this stage of the litigation.

First, the Court considers Plaintiff's ability to "investigate the crucial facts." *See Hodge*, 802 F.2d at 60–61. Plaintiff contends that "[t]he case requires discovery of documents and depositions of [a] number of witnesses" and that "Plaintiff is unable to investigate the facts of the case, for example, by locating and interviewing . . . eyewitness[es] of the incident." (Pl.'s Decl. 2.) The Court previously determined that "Plaintiff's claims are largely based on a retelling of events that happened in his presence, and therefore do not 'appear to require outside investigation.'" (Order 3 (Dkt. No. 49.) (quoting *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009))); *see also Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *2–3 (S.D.N.Y. Mar. 27, 2024) (declining to appoint counsel where the plaintiff had not demonstrated that the appointment of counsel would be necessary to investigate any relevant factual allegations); *Gibson v. Mount Vernon Montefiore Hosp. Exec. Dir.*, No. 22-CV-4213, 2022 WL 17325612, at *3 (S.D.N.Y. Nov. 29, 2022) ("[The plaintiff] has not indicated what additional facts could be gathered and investigated only through the aid of counsel which might be crucial to Plaintiff's ability to substantiate his claims." (citation modified)). As circumstances remain unchanged, this factor continues to weigh against the appointment of counsel.

Next, the Court considers Plaintiff's "ability to present the case," the "complexity of the legal issues," and the likelihood that "conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder." *See Hodge*, 802 f.2d at 61–62. Plaintiff contends that "[t]he issues involved in this case are complex," (Pl.'s Mot. 1), and that

"[t]he testimony will be sharp conflict, since Plaintiff alleges that the Defendants [assaulted] him, while the Defendants in their disciplinary reports asserted that he assaulted them," (Pl.'s Decl. 2). The Court previously determined that "Plaintiff has not alleged that his claims are 'so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage.'" (Order 4 (Dkt. No. 49) (quoting *Gibson*, 2022 WL 17325612, at *3).) This remains unchanged, and although Plaintiff's case has proceeded since the Court's last Order, he has continued to "coherently represent himself and his claims to the Court, which cuts against his request." (*Id.*) And while Plaintiff "may need to cross-examine witnesses, should [the] case proceed to trial, this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011).

Plaintiff further contends that he "is not being provided with the required law library materials and legal [assistance] intentionally." (Pl.'s Mot. 1.) Plaintiff explains that he "has no access to legal supplies" and that at Clinton Correctional Facility, the "law library allows [Plaintiff] to attend only once per week" and that Plaintiff is only given "[f]ive sheets of typing paper and one sheet of carbon paper." (Pl.'s Decl. 2.) Plaintiff alleges that he "is being discriminated [against] by the law library officer Mark Wilson, who knows that Plaintiff [has] several pending civil action[s] against other guards and continues to retaliate against him by over charging him for copies, removing papers that are [given] to him for copies and not returning them . . . ." (*Id.*) At the outset, the Court notes that "limited access to the law library" alone is not sufficient to "alter the Court's analysis as to the remaining Hodge factors." *Bonie v. Annucci*, No. 20-CV-640, 2020 WL 1643893, at *2 (S.D.N.Y. Apr. 2, 2020) (citation omitted); *see also Rodriguez v. Palmer*, No. 21-CV-8078, 2024 WL 3014108, at *2 (S.D.N.Y. June 13, 2024)

(same); *Pierre v. Cnty. of Nassau*, No. 17-CV-6629, 2021 WL 11629178, at *2 (E.D.N.Y. Mar. 19, 2021) (same). The Court appreciates that Plaintiff alleges something more than the limited law library access that may be experienced by many pro se litigants in Plaintiff's position—his allegations go to intentional and discriminatory limitations on his access to the law library and legal materials. Nevertheless, Plaintiff ascribes these limitations to law library policies and personnel at Clinton Correctional Facility, (*see* Pl.'s Decl. 2), and Plaintiff has since been transferred from Clinton to Attica Correctional Facility, (*see* Dkt. No. 69). It is therefore not clear to the Court that Plaintiff's limited access will continue, and this factor does not weigh in favor of appointment of counsel.

Beyond access to the law library and legal materials, Plaintiff has alleged that he "continue[s] to experience harassment by DOCCS [personnel]." (Pl.'s Mot. 1.) Plaintiff cites his Declaration as supporting this proposition, but beyond the alleged "discriminat[ion] by the law library officer" discussed above, Plaintiff's Declaration only restates allegations from Plaintiff's Complaint. (*See* Pl.'s Decl. 1.) It is therefore not clear to the Court, particularly in light of Plaintiff's transfer to a new facility, that Plaintiff is experiencing ongoing harassment that will impact his "ability to present the case." *Hodge*, 802 F.2d at 61–62.

Finally, Plaintiff has failed to allege that there are any special circumstances which require counsel to be appointed. *Compare Artis*, 2024 WL 1307223, at *3 (rejecting application for appointment of counsel because "[the p]laintiff ha[d] not presented any other, special circumstances that warrant the appointment of counsel"), *and Jessamy v. Lamanna*, No. 21-CV-9242, 2023 WL 3386154, at *2 (S.D.N.Y. May 11, 2023) (same), *and Ross v. Brown*, No. 09-CV-5737, 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010) (same), *with Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *1, 3 (S.D.N.Y. May 8, 2020) (finding that

plaintiff had demonstrated special circumstances where physical disability, depression, and post-traumatic stress disorder prevented Plaintiff from adequately litigating the case), *and Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270, at *3 (S.D.N.Y. Sep. 28, 2012) (citing "language difficulties or mental health problems" as examples of "special circumstances" meriting appointment of counsel).

For the reasons stated above, Plaintiff's request is denied without prejudice. Plaintiff may renew this request and provide the Court with additional information regarding his circumstances if they materially change. The Clerk of Court is respectfully directed to terminate the pending Motion at Dkt. Nos. 66 and 68 and mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED: November 20, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE